IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATASHA COLLINS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-0460 |
| | : | |
| SPOTIFY, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**PADOVA, J.**                                                                                                            **APRIL 28, 2025**

Plaintiff Natasha Collins filed a *pro se* Complaint alleging claims against Spotify after the digital music service company continued to debit her bank account despite Collins canceling her subscription. Collins also seeks leave to proceed *in forma pauperis*. For the reasons that follow, the Court will grant Collins leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.    FACTUAL ALLEGATIONS[1]

Collins styles this civil action as one for breach of contract. (*See* Compl. at 1, 4.) She names Spotify as a Defendant, states that it is a citizen of Sweden, and includes a Swedish address for the company. (*Id*. at 3, 4.) Collins alleges that Spotify engaged in "fraudulent billing" by "charging or invoicing funding from [Collins] without [her] consent" after she canceled her account with Spotify. (*Id*. at 7.) She asserts that Spotify did not adequately disclose the terms of its free trial offer and that the offer would convert to a paid subscription at the end of the trial period. (*Id*. at 9.) After the trial period ended, Collins "found it difficult to

---

[1] The allegations set forth in this Memorandum are taken from Collins's Complaint. (ECF No. 2.) The Court adopts the pagination supplied by the CM/ECF docketing system. Grammar, spelling, and punctuation errors in quotes from Collins's submissions are cleaned up where necessary.

cancel the subscription once it had automatically started." (*Id*.) Collins states that when she discovered the "recurring auto-renewal charges on [her] account," she could not log into her account or contact customer support. (*Id*. at 10.) She states without specificity that she "tried to stop payment but was unsuccessful." (*Id*.) Collins attaches as exhibits an email from Spotify dated April 2, 2024, which purports to close a Spotify account associated with the email address, "makingprogress456@gmail.com." (*Id*. at 21.) She also attaches emails she allegedly received from Bank of America and screenshots of her Bank of America bank account, showing debits in the amount of $11.87 to "Spotify USA" on April 30, 2024, May 30, 2024, and June 29, 2024, and debits in the amount of $12.95 on August 30, 2024, October 30, 2024, and November 29, 2024. (*Id*. at 23-29.)

In addition, Collins alleges general complaints about Spotify's "unethical" and "negligent" billing practices, stating that its business model is "inherently fraudulent." (*Id*. at 12-19.) Collins then lists various aspects of Spotify's subscription and billing practices that she alleges are fraudulent, such as its "no payment free trial offers," cancellation policies and processes, auto-renewal and recurrent billing methods, and sales practices. (*Id*.) She states that Spotify is "negligent under the auto-renewal laws" (*id*. at 16) and has a cancellation policy that "is a federal consumer protection violation" (*id*. at 17). Based on these allegations, Collins seeks money damages in the amount of $230,000. (*Id*. at 19.) She states that this amount includes "economic damages" as well as "mental anguish damages," such as pain and suffering. (*Id*. at 7-8.)

## II.   STANDARD OF REVIEW

The Court will grant Collins leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a

claim on which relief can be granted. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Farrell v. Brady*, 782 F. App'x 226, 228 n.1 (3d Cir. 2019) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). At the screening stage, the Court will accept the facts alleged in the *pro se* Amended Complaint as true, draw all reasonable inferences in Collins's favor, and "ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible . . . claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quotation omitted), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197, 205 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Collins is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

In that regard, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). Rule 8 requires a pleading to include a "short and plain statement of the claim showing that the pleader is entitled to relief," as well as a statement of the court's jurisdiction and a demand for the relief sought. Fed. R. Civ. P. 8(a). In determining whether a pleading meets Rule 8's "plain" statement

requirement, the Court should "ask whether, liberally construed, a pleading identifies discrete defendants and the actions taken by [the named] defendants in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (quotation omitted). "Naturally, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* (quotation and citation omitted). The important consideration for the Court is whether "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

## IV. DISCUSSION

As best as the Court can discern from the Complaint, Collins asserts state law claims for breach of contract and fraud against Spotify. Although Collins checks the box on the standard form complaint indicating that the Court has federal question jurisdiction over her claims, and vaguely states that Spotify's cancellation process constitutes a "federal consumer protection violation," she cites no federal statute or law to support her claims.[2] Nor is the Court aware of any plausible federal law claim based on the allegations in the Complaint.

Collins has also failed to allege plausible state law claims. She styles her Complaint as one for breach of contract; however, she alleges no facts about the contractual arrangement she

---

[2] To the extent that Collins intends to invoke the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 41 *et seq.*, the claim must be dismissed. The FTCA generally prohibits "persons, partnerships, or corporations" from using "unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45(a). The statute explicitly delegates its enforcement authority to the Federal Trade Commission ("FTC"). *See id*. at § 45(a)(2); *see also id*. at § 57b(a)(1) ("If any person, partnership, or corporation violates any rule under this subchapter respecting unfair or deceptive acts or practices . . . then the Commission may commence a civil action."). Accordingly, the FTCA does not provide Collins a private right of action. *See Sandoz Pharms. Corp. v. Richardson-Vicks, Inc*., 902 F.2d 222, 231 (3d Cir. 1990); *Vino 100, LLC v. Smoke on the Water, LLC*, 864 F. Supp. 2d 269, 281 (E.D. Pa. 2012); *Bryant v. All. Prop. Sols.*, Civ. A. No. 21-3475, 2022 WL 1291498, at *2 (E.D. Pa. Apr. 29, 2022) ("Plaintiffs' claim under the FTCA fails because private parties are not authorized to file enforcement actions, only the Federal Trade Commission has that authority." (quotation and citations omitted)).

had with Spotify, including when it began, what exactly it was for, and how Spotify breached it. *See CoreStates Bank, Nat'l Assn. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999) (noting that the three elements of a breach of contract claim under Pennsylvania law are: "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages" (citation omitted)).  Instead, Collins vaguely alleges that she had a "free trial offer" from Spotify, that she had difficulty canceling the paid subscription after the trial offer ended, and that she continued to be debited for amounts after she closed her account.  It is not clear to the Court whether any of these allegations form the basis of her breach of contract claims, and if so, how. Moreover, although she states that Spotify is a citizen of Sweden, the exhibits attached to her Complaint reveal that her bank account was debited amounts by "Spotify USA."  Collins has failed to comply with Rule 8 as to any breach of contract claim because she has not provided enough facts to support "cognizable legal claims to which a defendant can respond on the merits." *Garrett*, 938 F.3d at 94.  Accordingly, her breach of contract claims are far too "vague or ambiguous" to proceed.  *Id.*

To the extent that Collins intended to assert fraud claims, she also failed to state a plausible claim.  A heightened pleading standard applies to claims alleging fraud or mistake, which requires the plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  Under Rule 9(b), "the complaint must describe the time, place, and contents of the false representations or omissions, as well as the identity of the person making the statement and the basis for the statement's falsity." *City of Warren Police & Fire Ret. Sys. v. Prudential Fin., Inc.*, 70 F.4th 668, 680 (3d Cir. 2023); *see also Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) ("To satisfy [Rule 9(b)], the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." (citation omitted)).  Collins does not allege sufficient

facts to support a plausible inference of fraud but instead asserts in conclusory fashion that Defendant engaged in "fraudulent billing" practices. This is insufficient to state a plausible fraud claim. *See, e.g.*, *Katz v. Ambit Ne., LLC*, Civ. A. No. 20-1289, 2020 WL 5542780, at *4 (D.N.J. Sept. 16, 2020) (dismissing the plaintiff's consumer fraud claim Rule 9(b) because the "conclusory and bare-bones allegations are insufficient to state a claim"). Moreover, to the extent that Collins bases any of her claims on general grievances about Spotify's "unethical" business practices that did not directly impact her, she does not have standing to assert these claims. *See Common Cause of Pennsylvania v. Pennsylvania*, 558 F.3d 249, 258 (3d Cir. 2009) (stating that a plaintiff must have an "actual concrete injury" to have standing to assert a claim and that "[i]t is not enough to assert a generalized abstract grievance shared by a large number of similarly situated people' (citation omitted)).

### IV. CONCLUSION

For the above reasons, the Court will grant Collins leave to proceed *in forma pauperis* and dismiss her Complaint. In an abundance of caution and keeping in mind Collins's *pro se* status, the Court will grant her an opportunity to develop her allegations by explaining in an amended complaint the "who, what, where, when[,] and why" of her claims. *Gambrell v. S. Brunswick Bd. of Educ.*, Civ. A. No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019)). An appropriate order will be docketed separately.

BY THE COURT:

/s/ John R. Padova

**JOHN R. PADOVA, J.**